# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR612-018 |
| ) | |
| ANTONIO MARQUETTE MANGRAM, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Antonio Mangram, convicted of possession with intent to distribute cocaine, has filed a motion to set aside the government's "civil" forfeiture of $25,000 in cash. (Doc. 1010.) He claims that the forfeiture was invalid because "no hearing or notice was administrated to claimant." (*Id.* at 1.) The government responds that it seized $25,427 in currency from his residence as the ill-gotten gains from his drug distribution business. (Doc. 1011 at 1-2.) It contends that it was also within its rights to confiscate his home as property that facilitated the charged offenses. (*Id.* at 2.) Mangram's plea negotiations led the government to forego any forfeiture action against his home. (*Id.* at 3.) And in

exchange for the government's forbearance, Mangram signed a consent order of forfeiture for the currency on the same day that he entered his plea. (Doc. 685.) That order expressly allowed the government to seize the funds. (*Id.*) The government thus argues that Mangram had his day in court and that the motion should therefore be denied. (Doc. 1011.)

The funds were subject to an order of *criminal* forfeiture (doc. 685 at 2), not a forfeiture under the Civil Asset Forfeiture Reform Act of 2000 cited by Mangram in his brief. (Doc. 1010 at 1.) There is no requirement that a hearing be held on an uncontested criminal forfeiture. The Federal Rules of Criminal Procedure provide that "[t]he court's determination may be based on evidence already in the record, including a written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). As the forfeiture was uncontested, there was no need for a "hearing or notice." Indeed, Mangram's only avenue for relief was to appeal the forfeiture order. A "criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." *Young v. United States*, 489

F.3d 313, 315 (7th Cir. 2007). Mangram waived his right to appeal his conviction and sentence. (Doc. 851 (plea agreement).) And even if he had not done so, the notice of appeal had to be filed within 14 days of the entry of judgment. Fed. R. Crim. P. 32.2(b)(4)(C) (citing Fed. R. App. P. 4(b)). That time period lapsed long before this motion was filed.

For all of the reasons explained above, Mangram's motion to set aside the currency forfeiture (doc. 1010) should be **DENIED**.[1]

**SO REPORTED AND RECOMMENDED** this _11TH_ day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Mangram also invokes Fed. R. Crim. P. 41(g), which provides a mechanism for recovering property that the government has taken as evidence. (Doc. 1010.) That provision, however, cannot be used to recover property that has been forfeited to the government. *E.g.*, *Young*, 489 F.3d at 315.