# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ANTONIO MARQUETTE MANGRAM,)
)
    Petitioner,        )
v.                               )    Case No. CV615-022
)              CR612-018
UNITED STATES OF AMERICA,  )
)
    Respondent.     )

## ORDER

Antonio Mangram moves the Court to reconsider its denial of his request to amend his 28 U.S.C. § 2255 motion and for an evidentiary hearing. Docs. 8 (letter/motion to amend and for hearing); 11 (order denying motion); 12 & 14 (motions to reconsider). He argues that the Court misread his motion to allege that (now former) Assistant United States Attorney (AUSA) Cameron Ippolito's romantic involvement with a federal agent infected his trial. Doc. 14 at 3. Although the motion clearly alleges that Ippolito acted inappropriately, upon a closer reading the Court acknowledges that Mangram did not actually attempt to

connect to his case a well-publicized affair between her and an ATF agent.

Instead -- and as the government acknowledged in its response to Mangram's letter/motion, doc. 8 -- Mangram used AUSA Ippolito's misconduct with the ATF agent to insinuate that she may have engaged in prosecutorial, not sexual, misconduct with the DEA agents involved in his case. *See* doc. 8 at 2. He also alleged that Ippolito allowed an improper sentencing enhancement "to be utilized" by the Court.

The government, meanwhile, does not oppose leave to amend. So, the Court **GRANTS IN PART** Mangram's motion for reconsideration. Docs. 12, 14. Within 14 days of the date this Order is served, he may amend his § 2255 motion to add two claims: that AUSA Ippolito (1) committed "improper conduct . . . with regard to . . . actions undertaken in connection with other agencies (DEA for example)"; and (2) "knowingly allowed an improper enhancement to be utilized by the Probation Office and District Court." Doc. 14 at 3. The Court, however, **DENIES** Mangram's request for an evidentiary hearing. Nothing he's alleged remotely suggests one is necessary at this juncture. *See Rosin v.*

*United States*, 786 F. 3d 873, 877 (11th Cir. 2015) (standards for an evidentiary hearing).

**SO ORDERED**, this 6th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA